IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PATRICIA SMITH                                                                                      PLAINTIFF

VS.                                                                CIVIL ACTION NO. 3:09CV101-DPJ-FKB

A1 TEMPORARY SERVICES OF BIRMINGHAM
and TRAVELERS INDEMNITY COMPANY                                                  DEFENDANTS

ORDER

This matter is before the Court on the following motions: (1) the Motion to Dismiss of Defendant Travelers Indemnity Company ("Travelers") [17]; (2) the Motion for Judgment by Plaintiff Patricia A. Smith [20];[1] and (3) the Motion to Dismiss or Alternatively Motion for Summary Judgment of Defendant A1 Temporary Services of Birmingham, n/k/a Onin Staffing, LLC ("A1") [31, 33].

I.      Brief Facts/Procedural History

Plaintiff, who proceeds pro se, was injured in a work-related accident and thereafter pursued a worker's compensation claim. In very general terms, Plaintiff appears to claim that Defendants denied her worker's compensation claim in bad faith and discriminated against her due to a disability. Plaintiff also suggests in her responses to the various motions that other claims exist, but the Amended Complaint [12] is difficult to interpret. The Court has therefore culled averments from the Amended Complaint and listed them below for reference.[2]

---

[1]This pleading appears to be a second and separate response to Traveler's motion for summary judgment rather than a motion. If it is a motion, the motion is denied without prejudice because the Court cannot determine the relief sought.

[2]The Court makes no decision whether these averments actually state claims and makes no attempt to expand or limit the claims Plaintiff intended.

Both defendants were in conspiracy in my workers' com. [sic] claim.

My exemployer [sic] have [sic] a duty to pay medical expenses, benifits [sic] paymonts [sic] medical treatment recovering [sic] from the effects of my injuries. In which I was entitle to receive. [sic]

Travelers Indeminity [sic] claim adjuster Korry Ziemer constituting [sic] the breach.

I was discriminated against by my exemployer [sic] on 8-16-07.  I didn't work for the employer any more.  I was disable [sic] . . . .

Korry Ziemer and Sam Drummon violation [sic] my right in the American with disabilities [sic] Act of 1980 [sic] as ammended [sic].

More over [sic] my workers' compensation benifits [sic] was [sic] discontinued.

Mrs. Ziemer and Mr. Durmmon lied about the facts in my claim.

The insurance [sic], Travel Indeminity Company, has obligations to protect the insured including paying for any loss.

Travel Indeminity [sic] fail [sic] to meet their [sic] obligation to the insured, by acting in "bad faith" by deny under an insurance policy.

I have asked the Travelers Insurance and Workers' Com. [sic] Commission for documents that were signed by me, Patricia Smith. . . .  I am asking you to order the Insurance [sic] to send me all documents concerning my workers' com. [sic] claim.

Administrative staffs at Workers' Com. [sic] Commission and the Insurance [sic] claim adjuster Korry Ziemer is [sic] not allowing my right under federal labor statutes.

This negligence started at the beganning [sic] of my claim, its [sic] been almost 24 months now still no damges [sic] paymonts [sic] of medical treatments.

I was wrongfully terminated. . . . then they told Workers' Com. [sic] Commission I refuse to work so they would discontinued my benifits [sic] and they did without the facts.

My complaint alleging [sic] breach of benefits obligations and medical treatement [sic].

>Korry - Traveler disclosing falsty [sic] and inaccurated [sic] information contained upon evidence as [sic] bad faith.[3]

Defendants seek dismissal contending that Plaintiff failed to exhaust her administrative remedies as to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12203(a)-(b), and that her bad faith claim should be dismissed because the worker's compensation claim had not finally concluded when suit was filed. Defendants further argue that the requested discovery cannot be maintained in this court and that any other claims that might exist should be dismissed. The Court has personal and subject matter jurisdiction and finds that the motions are ripe for decision.[4]

II.   Analysis

    A.   Standards

Defendants filed motions to dismiss, or alternatively, motions for summary judgment supported but exhibits not found in the pleadings. If matters outside the pleadings are submitted in support of a motion to dismiss, Rule 12(d) grants courts discretion to either disregard the materials or accept and consider them under Rule 56. *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)). "A court exercises this discretion by determining whether the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely

---

[3] Plaintiff provided no numbered paragraphs for reference.

[4] Travelers had also suggested that once the ADA claim is dismissed, there will be no basis for jurisdiction because A1 is non-diverse according to the Amended Complaint. A1 subsequently responded to this Court's inquiry regarding its citizenship, stating that it is an Alabama LLC and that all of its members are Alabama residents. Diversity jurisdiction therefore exists.

3

to facilitate disposing of the action." *Id.* (citing *Isquith*, 847 F.2d at 193 n.3). If the court elects to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). As stated, Defendants indicated that their motions were alternatively filed under Rule 56, and Plaintiff had an opportunity to submit materials in response. The Court will therefore consider the issues under Rule 56.

Summary judgment is warranted under Rule 56(c)(2) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508.

Although Plaintiff responded to these motions, her handwritten submissions generally lack legal support and are difficult to follow. The Court has endeavored to read these responses liberally in light of her lack of representation or legal knowledge, but Plaintiff's pro se status does not relieve her of the duty to properly support a response to the motions for summary judgment. *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (noting that, although the court must liberally construe the pro se litigant's pleadings, this does not allow the court to

consider unpled facts); *see also Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988) (noting a pro se litigant must set forth facts giving rise to a claim on which relief may be granted).

   B.  Motions to Dismiss or Alternatively for Summary Judgment

     1.  ADA Claim

  Defendants moved to dismiss Plaintiff's ADA claim on the basis that she failed to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). "[A]n employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996) (affirming dismissal of ADA claim for failure to exhaust).

  After filing its motion, Defendant A1 provided a copy of an EEOC charge filed on January 9, 2009, alleging violations of the ADA in 2007. A1 also provided a copy of the EEOC's notice denying a right-to-sue letter because the charge was untimely. *See* Ex. A. A delinquent charge of discrimination cannot exhaust administrative remedies. *See Dao*, 96 F.3d at 788; *Adams v. Stanley Sec. Solutions, Inc.*, No. 3:06-CV-0976, 2007 WL 2979867, at *5 (N.D. Tex. Oct. 11, 2007) (dismissing ADA claim for untimely EEOC charge). However, the untimely charge was not addressed in Defendants' original motions. Therefore, the Court gave Plaintiff notice that it may consider the issue and invited her to respond. *See John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987) (requiring notice before a district court bases a ruling on grounds not raised in the motion).

Plaintiff's response [43] concedes that her EEOC charge of discrimination was not timely filed. However, she seeks equitable tolling because (1) her attorneys allegedly mishandled her claim; (2) she was at that time being harassed by law enforcement in Utica, Mississippi; (3) she was sick and facing other life difficulties; and (4) she did not know she was supposed to file a charge with the EEOC.

It should first be noted that "[t]here is some dispute in this Circuit regarding whether exhaustion implicates subject matter jurisdiction, or whether it is a prerequisite subject to equitable doctrines." *Miller v. Potter*, No. 09-10164, 2010 WL 45865, at *2 n.1 (5th Cir. Jan. 7, 2010) (citations omitted). Regardless, Plaintiff fails to satisfy the requirements of equitable tolling.

Those Fifth Circuit cases viewing the issue as something less than jurisdictional have allowed equitable tolling in three circumstances: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (citation omitted). Plaintiff's response fails to invoke any of these conditions and otherwise fails to articulate a basis for tolling. Although she does claim that the EEOC told her it would issue a right-to-sue letter, the charge was already untimely when these statements were allegedly made. Because Plaintiff failed to exhaust administrative remedies, Defendants' motions for summary judgment are granted as to the ADA claim.[5]

---

[5]The Court notes in passing that Plaintiff's response [43] states that her Title VII claim should not be dismissed. It may be that Plaintiff has confused Title VII and the ADA. The motion for summary judgment to which she was responding related to the ADA claim and no

2.     Bad Faith Claim

When these motions were originally filed, the underlying worker's compensation claim was not finally resolved. In that posture, cases such as *Powers v. The Travelers Insurance Co.*, would suggest that Plaintiff's bad faith claims were not yet ripe. 664 F. Supp. 252 (S.D. Miss. 1987). The force of these cases notwithstanding, it appears that the underlying claim has now been concluded. A1 argues that this procedural development is of no moment because the claim must exist at the time suit is initiated. However, the argument is neither well explored nor well supported with relevant authority. Moreover, there is no suggestion that completion of the state worker's compensation proceedings is jurisdictional. As such, it appears that the claims could become ripe after suit is filed. *See McNeil v. United States*, 508 U.S. 106, 112 (1993) (finding exhaustion jurisdictional under Federal Tort Claims Act, 28 U.S.C. § 2675(a), and therefore affirming dismissal of claims that were exhausted post-suit but before substantial progress was made in litigation). This portion of Defendants' motions is denied.[6]

3.     Discovery Dispute Claim

Plaintiff states in her Amended Complaint that Defendants should be forced to produce certain documents that she sought in discovery during the underlying worker's compensation claim. Defendants assume this represents a claim and move to dismiss. The issue is unclear.

---

Title VII claim is apparent from the Amended Complaint. To the extent Plaintiff thinks such a claim exists, it would also be due for dismissal for failure to exhaust administrative remedies.

[6]As stated, Defendants offered virtually no discussion of this argument. The Court concludes that it would be a poor use of judicial resources to further research the issue, especially since jurisdiction exists, dismissal would be without prejudice, and Plaintiff could move to amend now that the proceedings have concluded. Nevertheless, Defendants may reurge the argument if they find authority supporting a different result.

The Court certainly agrees that it would abstain from interfering with discovery disputes in a state administrative hearing. However, those proceedings have concluded, and it is not even clear that Plaintiff intended a separate cause of action to obtain documents. Alternatively, if Plaintiff is simply seeking the documents, then Rule 34 of the Federal Rules of Civil Procedure renders injunctive relief unnecessary. In any event, the averment does not appear to state a claim. Thus, to the extent Plaintiff intended to plead a separate cause of action, the motions are granted.

    4.  Miscellaneous Claims

Defendants generically state that if other claims are intended in the Complaint, then they should be dismissed as well. Plaintiff's Amended Complaint is not artfully pled. However, the excerpts provided above suggest–as do her responses to these motions–that the claims are not limited to bad faith. Defendants' decision to generically seek dismissal of any and all other claims is understandable in light of the imprecise nature of the Amended Complaint. However, it fails to satisfy their burden of informing the district court of the basis for its motion and identifying those portions of the record they believe demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.

Plaintiff's claims must be focused at some point, perhaps through deposition or a motion for more definite statement, but Defendants' current motions are too vague to grant. Finally, the Court notes that the case has not been set for a case management conference and therefore orders the Defendants to contact the magistrate judge within ten days to set the conference. Perhaps the magistrate judge can assist in narrowing the issues.

III.   Conclusion

For the reasons stated above, Defendants' Motions for Summary Judgment [17, 31, 33] are granted as to the ADA claim and otherwise denied, and Plaintiff's Motion for Judgment [20] is denied.  Defendants are instructed to contact the magistrate judge's office within ten days of this order to set the matter for case management conference.

**SO ORDERED AND ADJUDGED** this the 21st day of April, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE